IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NANCY MORROW,           )
                        )
       Plaintiff,       )
                        )
  v.                    )  No. 08 C 5087
                        )
JOHN E. POTTER, Postmaster General )
of the United States Postal Service )
                        )
       Defendant.       )

# **OPINION AND ORDER**

Plaintiff Nancy Morrow is an employee of the United States Postal Service. Since 2000, plaintiff has been employed as a window/distribution clerk. That position entails both working at the retail window selling stamps and other items and sorting mail at other locations within the assigned postal facility. Plaintiff alleges that, in violation of Title VII of the Civil Rights Act of 1964

("Title VII"), 42 U.S.C. § 2000e *et seq.*, she was retaliated against for having complained of discrimination.[1] Defendant moves for summary judgment.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. *Crawford v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 129 S. Ct. 846, 849 (2009); *Stokes v. Bd. of Educ. of City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010); *Knight v. Wiseman*, 590 F.3d 458, 462 (7th Cir. 2009). The burden of establishing a lack of any genuine issue of material fact rests on the movant. *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009); *Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 651 (7th Cir. 2007); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Nat'l Athletic Sportswear,*

---

[1] Plaintiff filed this case *pro se* and was later appointed counsel. The initial *pro se* Complaint has never been amended. The Complaint also alleges discrimination based on age, color, disability, race, and sex. In response to summary judgment, plaintiff does not contend she can prove any claim other than retaliation. Also, presently, she does not dispute that the only claim that was properly exhausted was for retaliation.

*Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008); *Hicks*, 500 F.3d at 651. The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Celotex*, 477 U.S. at 324; *Freundt v. Allied Tube & Conduit Corp.*, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); *O'Brien v. Encotech Constr.*, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See Lorillard Tobacco Co. v. A & E Oil, Inc.*, 503 F.3d 588, 594-95 (7th Cir. 2007); *Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago*, 357 F.3d 677, 679 (7th Cir. 2004); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 236 (7th Cir. 1995); *Covalt v. Carey Canada, Inc.*, 950 F.2d 481, 485 (7th Cir. 1991); *Collins v. Associated Pathologists, Ltd.*, 844 F.2d 473, 476-77 (7th Cir. 1988); *Freundt*, 2007 WL 4219417 at *2. As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district

court--that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" *Logan*, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." *Id.* (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" *Logan*, 96 F.3d at 978 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

In compliance with Local Rule 56.1(a)(3), defendant provided a statement of facts in support of his motion for summary judgment. Plaintiff,

however, failed to provide a paragraph-by-paragraph response to the fact statement as provided for in Local Rule 56.1(b)(3)(A)-(B). Plaintiff did set forth facts in her answer brief, with some citations to the record. Defendant treated the facts recited in the brief as the statement of additional facts permitted by Local Rule 56.1(b)(3)(C) and provided a response thereto as permitted by the last paragraph of Local Rule 56.1(a).

Defendant contends the facts set forth in his fact statement should be deemed admitted because plaintiff failed to respond to his fact statement. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); ***Rao v. BP Prods. N. Am., Inc.***, 589 F.3d 389, 393 (7th Cir. 2009); ***Cracco v. Vitran Express, Inc.***, 559 F.3d 625, 632 (7th Cir. 2009). Defendant, though, recognizes that it is within the court's discretion as to how strictly to enforce the Local Rules, including Rule 56.1. ***Trade Fin. Partners, LLC v. AAR Corp.***, 573 F.3d 401, 409 (7th Cir. 2009); ***Bordelon v. Chicago Sch. Reform Bd. of Tr.***, 233 F.3d 524, 527 (7th Cir. 2000); ***Zitzka v. Vill. of Westmont***, ___ F. Supp. 2d ___, 2010 WL 3863237 *2-3 (N.D. Ill. Sept. 28, 2010). This bench generally does not strictly enforce Rule 56.1 if a party, in some manageable

form, asserts facts and provides citations to the record. *See, e.g.*, *Smith v. Dominick's Finer Foods, Inc.*, 2009 WL 2358580 *3 (N.D. Ill. July 28, 2009); *Williams v. Cano*, 2008 WL 4367417 *2 (N.D. Ill. March 27, 2008); *Flory v. Mays*, 2007 WL 4232781 *2-3 (N.D. Ill. Nov. 26, 2007); *Winters v. Walsh Constr. of Ill.*, 2007 WL 2848403 *1 (N.D. Ill. Sept. 20, 2007). To the extent plaintiff asserts facts in her brief that are adequately supported by citations to the record, it will be considered whether there is a material factual dispute.[2]

Resolving all genuine factual disputes and drawing all reasonable inferences in plaintiff's favor, the facts assumed to be true for purposes of ruling on defendant's motion for summary judgment are as follows. As of 2006, plaintiff had been working approximately six years as a window/distribution clerk, otherwise known as a sales, service, and distribution associate. In 2006 she was working at the Fort Dearborn Station of the Chicago Post Office. As a window/distribution clerk, plaintiff performed job duties both at the retail window selling stamps and other items, and upstairs in the rear of the facility distributing mail such as that for lock boxes. Both duties are in the job description and pay

---

[2]Counsel for plaintiff are admonished to ensure in the future that they comply with Local Rule. Counsel for defendant is commended for treating plaintiff's factual assertions as if they were a statement of additional facts and responding thereto.

and promotional opportunities are not affected by which of the duties are assigned. The Fort Dearborn Station Manager was Gladys Jolla and plaintiff's supervisor was Nichole Thomas Westmoreland. Mildred Samuels was often the acting supervisor. These three, as well as plaintiff, are African-American women.

Plaintiff preferred working the window where she interacted with the public. She also believed this better suited her skills. Beginning in late May 2006, Samuels often assigned plaintiff to perform mail distribution following her lunch break. Plaintiff believed it was unfair that a person with less seniority than she was permitted to stay at the window. On June 15, 2006, plaintiff complained to Samuels about being assigned to distribution. Plaintiff testified: "I told her that she was harassing me all through my lunches, letting people remain in the rotation and sending me to the back. I was filing harassment charges against her." At the time, plaintiff did not expressly state that the harassment was based on any particular protected category. The next day, plaintiff met with an EEO counselor and filed an informal EEO complaint. As to what form of discrimination she was alleging, she wrote: "Harassment, Discrimination, and Favoritism Mrs. Thomas [Westmoreland]." In the narrative, plaintiff refers to Samuels trying to force plaintiff off "the machine" so a "friend or favorite" with

less seniority could replace plaintiff. Again, plaintiff did not identify any protected category as being a basis for the discrimination.

At the end of the day on June 15, which was after plaintiff's oral statement she would file a harassment complaint and before the written internal complaint, plaintiff overheard Westmoreland and Samuels discussing assignments. Westmoreland told Samuels she would assign a less senior clerk to replace plaintiff at the window and move plaintiff "upstairs" to work on distribution. Also on June 15, Jolla (who was then unaware of plaintiff's statement about a harassment complaint) observed plaintiff put her hand in a customer's face and direct him to get back in line. Jolla considered this conduct to be unprofessional and reported it to the Superintendent. The next day, still unaware of any complaint of harassment, Jolla instructed Westmoreland to assign plaintiff to distribution where she would not be interacting with customers. On June 16, plaintiff worked in distribution for one or two hours before returning to the window.

On June 17, plaintiff began an extended absence. Defendant contends plaintiff did not return to work until November 2006. However, the cited support for this contention, instead supports that plaintiff returned to work on

September 6, Pl. Dep. at 23, was off for an unspecified period of time sometime between September and November, and then returned to work in early November, before taking time off until January. *Id.* at 27, 90-91.[3] When working September through November, plaintiff worked distribution. *See id.* at 27, 91. In the interim, plaintiff had filed a union grievance contending window assignments should be based on seniority. The grievance was settled on November 27 and provided plaintiff would again be assigned to the usual duties of her position. Pl. Exh. 8. Plaintiff testified that she was returned to the window on the first day she worked after the settlement, which was early January 2007.

On August 29, 2006 plaintiff filed a formal internal complaint of discrimination, alleging retaliation for accusing her supervisor of harassment.

On February 13, 2007, Morrow was acting supervisor and the Station was short of clerks. Plaintiff was working the window. Morrow instructed plaintiff that she was assigned a noon lunch and another clerk was assigned 12:30 p.m. At 12:05 p.m., plaintiff was still at the window servicing customers. Morrow interrupted and told plaintiff to take her lunch and return by 12:40 p.m.

---

[3]In her brief, plaintiff asserts that she returned to work on September 6, but does not cite any support for this contention. The apparent support, though, is the deposition testimony that defendant had cited.

Morrow stood over plaintiff while waiting for her to take her lunch. This bothered plaintiff, who complained to Morrow that she was harassing her. The next day, plaintiff amended her internal EEO complaint of retaliation, adding an allegation of being retaliatorily harassed by Morrow standing over her and monitoring her during her lunch.

In February 2007 and May 2007, plaintiff applied for Family Medical Leave Act ("FMLA") leave. Both requests were denied on the ground that plaintiff had not worked the required 1250 hours during the preceding 12 months. As of the respective requests, plaintiff had worked 1035.32 and 1024.59 hours during the pertinent 12-month period. Both determinations were made by Pandora McWillis, the FMLA Coordinator. McWillis worked at a different site than Fort Dearborn Station and was unaware of plaintiff's EEO complaints.[4] Plaintiff

---

[4]Plaintiff contends that McWillis's statements that she was unaware of the EEO complaints should not be believed because she lacks credibility. Plaintiff contends McWillis lacks credibility because she stated she did not know of plaintiff's grievance, but did because she was the management representative for the grievance and the one who signed the settlement. McWillis, however, only states she did not know of the EEO complaints until contacted by an EEO investigator after the FMLA leave was denied; McWillis does not state that she was unaware of the union grievance. Also, there is no evidence that the existence of the EEO complaints was raised during the processing of the union grievance.

amended her internal EEO complaint to add the allegations that both of these denials were motivated by retaliation.

> A plaintiff may establish unlawful retaliation using either the direct or indirect method of proof. Under the direct method, [plaintiff] must demonstrate that (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action by his employer; and (3) a causal connection exists between the two. Under the indirect method, the first two elements remain the same, but instead of proving a direct causal link, the plaintiff must show that he was performing his job satisfactorily and that he was treated less favorably than a similarly situated employee who did not complain of discrimination. Once a plaintiff establishes the prima facie case under the indirect method, the defendant must articulate a nondiscriminatory reason for its action; if he does, the burden remains with the plaintiff to demonstrate that the defendant's reason is pretextual.

***Stephens v. Erickson***, 569 F.3d 779, 786-87 (7th Cir. 2009). Since plaintiff does not point to any comparables, she must rely on the direct method.

Defendant contends plaintiff's retaliation claim must fail because she has not shown she engaged in protected activity in that her initial complaint was of harassment, but such accusations did not include complaints of harassment based on any protected category falling under Title VII. The only claimed adverse action that occurred shortly after the June 2006 oral complaint was being assigned

distribution for one or two hours on June 16 and that was at the direction of Jolla, who was unaware of the oral or informal complaint. Plaintiff has no valid retaliation claim based on the June 16 treatment. *See Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1122 (7th Cir. 2009). Plaintiff then went on leave and any further claimed mistreatment occurred after plaintiff had filed the August 2006 formal EEO complaint alleging retaliation that allegedly violated Title VII. Even if that complaint was without merit because the original harassment complaints were not discrimination-based, the allegation of Title VII retaliation is itself protected activity. *Firestine v. Parkview Health Sys., Inc.*, 388 F.3d 229, 234 (7th Cir. 2004); *Kruger v. Principi*, 420 F. Supp. 2d 896, 910 (N.D. Ill. 2006).

The claims regarding the denial of FMLA leave must fail because there is no evidence that the person making that decision, McWillis, was aware of plaintiff's EEO complaint. *See Nagle*, 554 F.3d at 1122. Also, even if plaintiff had satisfied a *prima facie* case as to that aspect of her claim, defendant raises a legitimate basis for denying FMLA leave in that plaintiff lacked the required work hours for the preceding year. It is undisputed that plaintiff lacked such hours and she does not otherwise show that the reason for the denial was pretextual.

Defendant contends plaintiff fails to satisfy the materially adverse action requirement regarding the other contentions. For purposes of a claim of retaliation, the adverse action requirement is satisfied by actions that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Thompson v. N. Am. Stainless, LP*, 131 S. Ct. 863, 2011 WL 197638 *3 (Jan. 24, 2011) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). "In determining the significance of any given act of retaliation, the test is objective but 'context matters' and we look at the 'constellation of surrounding circumstances, expectations, and relationships.'" *Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 678 (7th Cir. 2010) (quoting *Burlington N.*, 548 U.S. at 69). Ordinarily a lateral transfer will not constitute a materially adverse action unless it affects job opportunities, such as an opportunity for advancement, increased pay, overtime, or perks. *O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009); *Nichols v. S. Ill. Univ.-Edwardsville*, 510 F.3d 772, 780-81 (7th Cir. 2007). An employee's subjective preference for one type of work is insufficient to show a materially adverse affect. *Nichols*, 510 F.3d at 781;

*Lucero v. Nettle Creek Sch. Corp.*, 566 F.3d 720, 729-30 (7th Cir. 2009); *Malozienc v. Pac. Rail Servs.*, 606 F. Supp. 2d 837, 866 (N.D. Ill. 2009).

As regards being assigned distribution duties, plaintiff was not even transferred, she was simply assigned other duties that were part of her job description. It is undisputed that this did not affect her pay or promotional opportunities. The assignment did not constitute a materially adverse action. *Cf. Malozienc*, 606 F. Supp. 2d at 866. Even if plaintiff satisfied the materially adverse action requirement, she has not shown a causal relationship between her protected activity and being assigned distribution duties. The retaliation claim based on being assigned distribution duties will be dismissed.

Plaintiff's other contention is that Morrow harassed her by standing over her when she told her to take her lunch break. This occurred once and only lasted minutes. That is not the type of action that would dissuade a person from filing a discrimination complaint. This aspect of plaintiff's retaliation claim also fails because plaintiff has not shown a materially adverse action.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [41] is granted. The Clerk of the Court is directed to enter judgment in

favor of defendant and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 10, 2011